

ENTERED
12/02/2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |
|---|---|
| IN RE | ) |
| JAMES A. LOCASCIO and, SHEILA LOCASCIO, | ) CASE NO. 10-37406-H3-7 |
| Debtors, | ) |

## MEMORANDUM OPINION

The court has held a hearing on the "Debtors' Motion to Avoid Judicial Liens Pursuant to 11 U.S.C. § 522(f)" (Docket No. 19). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

James A. Locascio and Sheila Locascio ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 31, 2010.

In the instant motion, Debtors seek the avoidance of what they assert are five judgment liens impairing their homestead. Debtors seek the avoidance of liens obtained by Kara Custom Homes, LLC; Portfolio Acquisitions, LLC; and Capital One Bank.

The court set a hearing on the instant motion for December 2, 2010.  Debtors appeared through counsel, but presented no evidence.  There were no affidavits attached to the instant motion.

As to the judgment liens of Portfolio Acquisitions, LLC; and Capital One Bank, nothing indicates that they are anything but ordinary judgment liens.  However, there is no evidence as to the nature of the underlying debt, as to Kara Custom Homes.

## Conclusions of Law

Under Section 522(f)(1)(A) of the Bankruptcy Code, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled, if such lien is a judicial lien.  11 U.S.C. § 522(f)(1)(A).

Debtors bear the burden of proof to show entitlement to relief under Section 522(f)(1)(A).  In re Armenakis, 406 B.R. 589 (Bankr. S.D.N.Y. 2009).

Under Texas law, a homestead is exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property.  Tex. Prop. Code § 41.001(a).  Encumbrances may be properly fixed on homestead property for, inter alia and under certain conditions, work and material used in constructing improvements on the property.  Tex. Prop. Code § 41.001(b)(3).

An encumbrance does not lose its character as an encumbrance which may be fixed on real property merely by the abstracting of a judgment.  See e.g. Gill v. Quinn, 613 S.W.2d 324 (Tex. Civ. App.--Eastland 1981, no writ).

The instant case is distinguished from In re Henderson, 18 F.3d 1305 (5th Cir. 1994) in that Henderson clearly involved a judgment lien which would not attach to homestead property.  In the instant case, it is conceivable that the lien of Kara Custom Homes is for "work and material used in constructing improvements on the property."  In the absence of an affidavit or other evidence, the court concludes that Debtors have not met their burden of proof with respect to the Kara Custom Homes judgment lien.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on December 2, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE